UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>v.<br><br>MICHAEL I. TURNER,<br><br>                              Defendant. | Case No.:  3:13-cv-1827-DMS-NLS<br><br>**ORDER DENYING DEFENDANT'S MOTION TO LIFT ORDER OF PERMANENT INJUNCTION** |

On December 8, 2021, Defendant Michael Turner ("Defendant" or "Turner") filed a motion to lift the permanent injunction entered by this Court on April 30, 2014.  (ECF No. 26.)  That injunction, to which Defendant consented, enjoins Defendant from engaging in federal tax preparation services.  (ECF No. 21.)  Plaintiff United States of America filed an opposition (ECF No. 28), and Defendant filed a reply. (ECF No. 29.)  The matter is fully briefed and submitted on the papers. (ECF No. 30.)  For the reasons set forth below, Defendant's motion is denied.

**I.**

**BACKGROUND**

This case began when the United States filed a civil complaint against Turner on August 7, 2013.  (ECF No. 1.)  The United States alleged that Turner repeatedly prepared tax returns that unlawfully understated his customers' tax liability, and thus sought to

1

enjoin him from preparing others' federal tax returns. (*Id.*) Turner stipulated to entry of the permanent injunction on April 29, 2014 (ECF No. 20), after being charged and convicted in a parallel criminal case, *United States v. Turner*, 13-cr-3808 (S.D. Cal. 2013). In that case, Turner pleaded guilty to a violation of 26 U.S.C. §7206(1) (willfully making a false statement on a tax return) for omitting taxable income when filing his own tax return and acknowledged in his plea agreement that he had falsified federal income tax returns for third parties. (*United States v. Turner*, 13-cr-3808, ECF No. 8.) Turner was sentenced in March 2014 in that case to three years of probation and ordered to pay restitution in the sum of $66,821.54. (*Id.*, ECF No. 22.)

## II.

## DISCUSSION

Rule 60(b) provides, in pertinent part, that a court may relieve a party from a final judgment, order, or proceeding where: "(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Here, Defendant seeks relief under Rule 60(b)(5) based on equity, and under Rule 60(b)(6) based on extraordinary circumstances.[1]

### A. Rule 60(b)(5)

The Supreme Court has held that Rule 60(b)(5) can provide relief from a judgment that is no longer equitable when there is "a significant change in facts or law," and the revision is "suitably tailored to the changed circumstance." *Rufo v. Inmates of Suffolk Co.*, 502 U.S. 367, 393 (1992). Where the movant consented to the order, they generally cannot rely on circumstances anticipated at the time of the order and bear a "heavy burden" to

---

[1] Plaintiff also argues for relief by analogizing to 18 U.S.C. § 3582(c)(1)(A)(i), which concerns modification of prison sentences. However, the instant motion involves only the injunction against Turner in this civil case, not Turner's related criminal conviction. The reasoning of § 3582(c)(1)(A)(i) is thus inapplicable.

show grounds for relief. *Id.* The Ninth Circuit has clarified that "*Rufo* sets forth a general, flexible standard for all petitions brought under the equity provision of Rule 60(b)(5)." *Bellevue Manor Assocs. v. United States*, 165 F.3d 1249, 1255 (9th Cir. 1999). Rule 60(b)(5) requires the Court to "take all the circumstances into account" *id.* at 1256, including the public interest and the judiciary's interest in the finality of judgments. *Id.* at 1253, 1257; *S.E.C. v. Coldicutt*, 258 F.3d 939, 942 (9th Cir. 2001). Changed circumstances that make compliance with a judgment "substantially more onerous" can be grounds for relief under Rule 60(b)(5). *Coldicutt*, 258 F.3d at 942.

  1. <u>Changed Circumstances</u>

  Here, Turner argues the changed circumstance is his economic hardship, caused by the caregiving responsibilities he undertook for his wife, his wife's passing and related loss of family income, and now his caregiving responsibilities for his stepson. (ECF No. 26-1 at 3–4.) Turner avers that these conditions have rendered him unable to find employment and placed him in financial difficulty, but that lifting the permanent injunction would allow him to once again earn income from tax preparation. (*Id.* at 4–6.)

  The United States correctly points out in its opposition that "Turner's motion does not provide information about what efforts, if any, he has made to find employment outside of preparing tax returns." (ECF No. 28 at 4.) While Turner provides additional information in his reply (ECF No. 29), he fails to demonstrate that his current circumstances warrant equitable relief. Turner provides emails chronicling his attempts to find various types of work. (ECF No. 29-4.) The emails date from 2012—before the instant injunction was ordered—up to March 3, 2020. (*Id.* at 1.) However, even the most recent emails reference only Turner's responsibilities caring for his wife, not his current situation since his wife passed in July 2020 and he began caring for his stepson in October 2020. These emails show Turner declining to interview for full-time jobs that require travel, which were understandably not compatible with caring for his wife. (*Id.* at 1–2.) They do not show recent attempts to obtain part-time employment, or work that can be done partially or wholly remotely, which has become more common since the COVID-19 pandemic.

Further, Turner's reply notes his stepson does not contribute financially to the household but it does not address what other support his stepson receives, such as In-Home Supportive Services (with Turner or another as the caregiver), which might free up Turner's time to work or provide needed income.

The Court acknowledges that Turner's situation is a challenging one, but he has not demonstrated that equity requires lifting the instant injunction given the other options available to Turner to support himself and his stepson. While Turner notes complying with the injunction is now "substantially more onerous," his family commitments make work generally more onerous, not abstaining from tax return preparation specifically. *See Coldicutt*, 258 F.3d at 942. As noted in the opposition, "It is not onerous to require Turner to engage in *any other means* of earning a living besides preparing taxes …" (ECF No. 28 at 9, emphasis added). Turner's motion itself notes that "Tax return preparation offers him *a means*" to earn income, not that it is his only option to do so, or that the injunction limits his employment or income-earning generally. (ECF No. 26-1 at 4, emphasis added).

Thus, Turner has not shown his current caregiving responsibilities foreclose the possibility of work besides tax return preparation such that the current injunction is no longer equitable. There are other types of flexible work beyond tax preparation, which would allow Turner to earn income without modifying an injunction that enjoins only the specific activity in question. Further, the public interest in the integrity of the tax system and the judicial interest in the finality of judgments weigh against dissolving the injunction. *See Bellevue*, 165 F.3d at 1265–67 (noting the Court must take all circumstances into account).

### 2. Suitably Tailored Relief

Turner's requested relief is also not suitably tailored as he seeks to dissolve the entire civil injunction; and, even if the Court so ordered, it is not clear that Turner would again be allowed to prepare tax returns. Turner must reapply for a preparer tax identification number ("PTIN"), which the IRS may not grant given his felony conviction for tax return fraud. *See* 31 C.F.R. § 10.8 (preparers must have a PTIN); 31 C.F.R. § 10.50(a) (the IRS

may suspend or disbar practitioners for sanctionable conduct); 31 C.F.R. § 10.51(a)(1) (conviction under the Federal tax laws is sanctionable conduct).

The IRS does allow petitions for reinstatement. 31 C.F.R. § 10.81. Turner argues that the IRS approves a high percentage of these petitions, but his source refers to petitions by individuals suspended or disbarred by the IRS itself and does indicate whether any of these petitioners also had criminal convictions. *See* Office of Professional Responsibility Annual Report Fiscal Year 2018, available at https://www.irs.gov/pub/irs-pdf/p5638.pdf. While Turner argues that he should be granted the opportunity to petition the IRS, he concedes that even the full dissolution of the injunction by this Court may not enable him to again prepare third party tax returns. (ECF No. 29 at 6.)

Turner appears to have faced significant personal challenges and undertaken much caring for others, while demonstrating remorse for his criminal fraud. His desire to earn additional income through work is commendable. However, he has not met his "heavy burden" to show he requires relief from an order to which he consented when the possibility of lost income from tax preparation was foreseeable. *Rufo*, 502 U.S. at 393.

**B. Rule 60 (b)(6)**

Rule 60(b)(6) allows a party to seek relief from judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). It is a "catchall provision" that applies only when the reason for granting relief is not covered by any of the other reasons set forth in Rule 60. *United States v. Washington*, 394 F.3d 1152, 1157 (9th Cir. 2005), *overruled on other grounds by United States v. Washington*, 593 F.3d 790 (9th Cir. 2010). The catchall "has been used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Id.* (internal quotation marks omitted).

Here, Rule 60(b)(6) is inapplicable. As 60(b)(6) is a catchall provision, relief under that section must be for a reason beyond those elsewhere enumerated by the Rule. Equitable relief from prospectively enforcing a judgment is separately listed under 60(b)(5) and appropriately argued under that Rule by Turner. However, Rule 60(b)(6) requires "extraordinary circumstances" that prevent the party from litigating the case. *Washington*,

394 F.3d at 1157.  That is not the case here, where Plaintiff's situation is one of changed circumstances after judgment.

## III.

## CONCLUSION AND ORDER

For the foregoing reasons, Defendant's motion to lift the order of permanent injunction is denied without prejudice.

**IT IS SO ORDERED.**

Dated:  May 17, 2022

Hon. Dana M. Sabraw, Chief Judge
United States District Court